J-S07017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BARBARA J. SPANGLER AND C.A. SPANGLER BOARDS, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID S. CAVANAUGH & DEBORAH CAVANAUGH; D.S. CAVANAUGH BOARDS, LLC | : | No. 1287 MDA 2023 |

Appeal from the Judgment Entered August 28, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2016-SU-000893-67

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:  **FILED: MAY 3, 2024**

Plaintiffs, Barbara Spangler and C.A. Spangler Boards, Inc. appeal from the judgment entered, after the trial court entered a nonsuit against them. We dismiss their appellate issues as waived and affirm.

Because our decision rests on procedural grounds, we briefly relate the underlying facts.  Mr. Cavanaugh served as general manager of Spangler Boards, which Barbra Spangler solely owned.  Because she was busy running her accounting firm, Mrs. Spangler did not know how to manage Spangler Boards.  As such, she relied upon and trusted Mr. Cavanaugh to do so.

In September of 2014, Mr. Cavanaugh created D.S. Cavanaugh Boards, LLC.  A month later, he resigned from Spangler Boards and began competing with it.  Mrs. Spangler and Spangler Boards sued Mr. Cavanaugh and his

_____

[*] Retired Senior Judge assigned to the Superior Court.

company. The Plaintiffs claimed Mr. Cavanaugh breached his fiduciary duty, because a confidential relationship existed between Mr. Cavanaugh and the Plaintiffs. ***See*** Second Amended Complaint at 10-18.

The matter proceeded to a jury trial. At the close of the Plaintiffs' case, the trial court imposed a compulsory nonsuit. It denied post-trial relief, and this timely appeal followed.

On September 13, 2023, the trial court ordered the Plaintiffs to file a Rule 1925(b) statement of errors complained of on appeal. The order required them to file the statement "no later than 4:30 p.m. TWENTY-ONE (21) days after the date of the entry of this Order." T.C.O., 9/13/23, at 1. The court warned them that "[a]ny issues not included in the statement ***timely filed*** and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." ***Id.*** (emphasis added).

The Plaintiffs filed their 1925(b) statement electronically, on October 4, 2023, at 4:36 p.m., *i.e.*, six minutes after the deadline and after the Office of the Prothonotary of York County had closed. The trial court concluded that the untimely statement results in the waiver of all appellate issues. ***See*** Trial Court Opinion, 10/10/23, at 1-2. The Plaintiffs offer no rebuttal in their brief. Mr. Cavanaugh and his company agree with the trial court's waiver analysis. ***See*** Cavanaugh's Brief at 3, n.2.

"Filing of a Rule 1925 concise statement when ordered is a prerequisite to appellate merits review and is elemental to an effective perfection of the appeal." ***Commonwealth v. Burton***, 973 A.2d 428, 432 (Pa. Super. 2009)

(*en banc*) (quotations omitted).  The failure to file a timely 1925(b) statement results in the waiver of all issues.  ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005), ***and Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 223 (Pa. Super. 2014) (*en banc*).

Even though the Plaintiffs electronically filed their 1925(b) statement a mere six minutes after the deadline, the Prothonotary's office had closed for business that day.  Thus, the trial court did not receive the statement until the following day.  Clearly, the 1925(b) statement was untimely.

Neither the trial court nor this Court has any discretion to consider an untimely 1925(b) statement, because the Supreme Court of Pennsylvania has explicitly condemned the *ad hoc* acceptance of late statements.  As the High Court has explained:

> Allowing for discretion regarding timeliness will result in inconsistencies.  For example, when faced with the lack of a timely Pa.R.A.P. 1925(b) statement, one trial court might file quickly and efficiently an opinion waiving all issues, while another might address the issues it believes the appellant will raise, and still another might delay filing an opinion until a statement is received.  If the appellant in each hypothetical case eventually files an equally untimely statement, the appellate court in the first case [might] waive the issues that the trial court waived, while in the second two scenarios . . . the appellate court [might] address the issues, so long as the trial court addressed the same issues in its opinion.  As a result, the same factual situation could produce diametrically opposed results, depending on how quickly a trial court files its opinion after the expiration of the Pa.R.A.P. 1925(b) filing period . . . [W]e decline to adopt a position which will yield unsupportable distinctions between similarly situated litigants.

***Castillo***, 888 A.2d at 779.

- 3 -

Thus, there is no such thing as *de minimis* lateness when it comes to a 1925(b) statement. "[I]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements," including an untimely filing. **Greater Erie**, 88 A.3d at 224.

Under **Castillo** and **Greater Erie**, **supra**, we must dismiss all of the Plaintiff's appellate issues as waived.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024